IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

GERTIE MAE FORREST,                      )         C/A No.: 9:13-01286-TLW
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )
                                         )
CAROLYN W. COLVIN,                       )
Acting Commissioner of Social Security   )
                                         )
            Defendant.                   )
_____  )

# ORDER

The plaintiff, Gertie Mae Forrest ("Plaintiff"), brought this action pursuant to 42 U.S.C. §

405(g) to obtain judicial review of a final decision of the defendant, Commissioner of Social

Security ("Defendant"), denying Plaintiff's claims for disability insurance benefits. This matter

is before the Court for review of the Report and Recommendation ("the Report") filed by United

States Magistrate Judge Bristow Marchant, to whom this case was previously assigned pursuant

to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), DSC. In the

Report, (Doc. #24), the Magistrate Judge recommends that the Commissioner's decision be

affirmed. The Plaintiff filed objections to the Report on June 4, 2014. (Doc. #26). Defendant

filed a reply to the objections on June 23, 2014. (Doc. #27).

In conducting this review, the Court applies the following standard:

The magistrate judge makes only a recommendation to the Court, to which any
party may file written objections.... The Court is not bound by the
recommendation of the magistrate judge but, instead, retains responsibility for the
final determination. The Court is required to make a de novo determination of
those portions of the report or specified findings or recommendation as to which

1

an objection is made.  However, the Court is not required to review, under a <u>de novo</u> or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed.  While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in <u>Wallace</u>, the Court has reviewed, <u>de novo</u>, the Report and the objections.[1] Based on this review, and after careful consideration of the record, the Court finds that the decision of the Administrative Law Judge (ALJ) to deny benefits was supported by substantial evidence. Accordingly, for the reasons articulated by the Magistrate Judge, the Report, (Doc. #24), is **ACCEPTED.** The Plaintiff's objections, (Doc. #26), are **OVERRULED**. The Commissioner's decision is hereby **AFFIRMED**.

**IT IS SO ORDERED.**

<u>s/Terry L. Wooten</u>
Chief United States District Judge

September 22, 2014
Columbia, South Carolina

---

[1] In her objections, the Plaintiff contests the Magistrate Judge's finding that the ALJ correctly evaluated her substance abuse. (Doc. #26 at 6). After careful review, the Court concludes that the ALJ followed the correct procedure. The ALJ is charged with conducting its five-step disability analysis "without separating out the impact of alcoholism or drug addiction." <u>Bustamante v. Massanari</u>, 262 F.3d 949, 955 (9th Cir. 2001). If during this process the Plaintiff is found to be disabled, the ALJ must then determine whether the Plaintiff would still be considered disabled if the Plaintiff stopped using drugs and alcohol. <u>Id.</u>; <u>see also</u> 20 C.F.R. § 404.1535(a)(2). After reviewing the relevant authority, the Court concludes that there is no basis to reverse the decision of the ALJ The Court also notes that a number of cases run contrary to the Plaintiff's position. <u>See</u>, <u>e.g.</u> <u>Bustamante</u>, 262 F.3d 949; <u>Farkas v. Astrue</u>, 3:11-CV-242-J-TEM, 2012 WL 750547 (M.D. Fla. Mar. 8, 2012).